

ATTORNEYS FOR APPELLANT

Joseph G. Eaton
Edward M. Smid
Barnes & Thornburg, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

William N. Riley
Joseph N. Williams
Riley Williams & Piatt, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| HealthPort Technologies, LLC, *Appellant,* <br><br> v. <br><br> Garrison Law Firm, LLC, *Appellee.* | March 15, 2016 <br><br> Court of Appeals Case No. 49A02-1502-PL-99 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Timothy W. Oakes, Judge <br><br> Trial Court Cause No. 49D02-1408-PL-27395 |

**Pyle, Judge.**

## Statement of the Case

[1] In this interlocutory appeal, Garrison Law Firm, LLC, ("Garrison"), filed a complaint for damages against HealthPort Technologies, LLC, ("HealthPort") alleging that HealthPort had imposed an illegal charge on Garrison's requests for the medical records of potential clients. HealthPort filed a motion for

judgment on the pleadings, which the trial court denied. On appeal, HealthPort argues that the trial court erred in denying its motion because Garrison does not have a private cause of action. Because INDIANA CODE § 16-39-9-4, in conjunction with 760 Indiana Administrative Code 1-71-3, does not give rise to a private cause of action, we reverse the trial court's denial of HealthPort's motion.

[2] We reverse and remand.

## Issue

Whether INDIANA CODE § 16-39-9-4, in conjunction with 760 Indiana Administrative Code 1-71-3, creates a private cause of action.[1]

## Facts

[3] Garrison, a personal injury law firm in Indianapolis, requested healthcare information about six potential clients from the clients' medical providers. The providers outsourced the release-of-information services to HealthPort, a company that specializes in locating and copying medical records. After it received Garrison's requests, HealthPort initiated its release of information process for each request, which included: (1) logging, tracking, and verifying the request; (2) retrieving the patient's information, which was often stored in

---

[1]HealthPort also argues that this statute authorized HealthPort to charge the labor fees and that because Garrison voluntarily paid the fees, he cannot now complain about them. Because we reverse on the private cause of action issue, we do not reach these issues.

multiple locations and formats; (3) relating only authorized information; (4) safeguarding sensitive information; and (5) completing and invoicing the request. Although HealthPort did not locate information regarding any of Garrison's potential clients, the medical records company invoiced Garrison a $20.00 labor fee for each client to cover the costs of the information-gathering process. Garrison initially refused to pay the invoices but later paid them under protest.

[4] On August 15, 2014, Garrison filed a "Class Action Complaint" wherein it alleged that HealthPort violated INDIANA CODE § 16-39-9-4 when it charged him a labor fee for searches where no documents were produced. (App. 4). HealthPort filed an answer and, two weeks later, a motion for judgment on the pleadings pursuant to Indiana Trial Rule 12(C). In December 2014, the trial court denied HealthPort's motion after a hearing. HealthPort appeals.

## Decision

[5] HealthPort argues that the trial court erred in denying its motion for judgment on the pleadings. A judgment on the pleadings pursuant to Indiana Trial Rule 12(C) attacks the legal sufficiency of the pleadings. *Midwest Psychological Ctr., Inc. v. Ind. Dep't of Admin.*, 959 N.E.2d 896, 902 (Ind. Ct. App. 2011), *trans. denied*. When we consider a motion for judgment on the pleadings, we accept as true the well-pleaded material facts alleged in the complaint and base our ruling solely on the pleadings. *Consolidated Ins. Co. v. Nat'l Water Servs., LLC*, 994 N.E.2d 1192, 1196 (Ind. Ct. App. 2013), *trans. denied*. A judgment on the

pleadings is proper only where there are no genuine issues of material fact and the non-moving party cannot in any way succeed under the facts and allegations therein. *Midwest*, 959 N.E.2d at 902. All reasonable inferences are drawn in favor of the nonmoving party and against the movant. *Id.* We review a trial court's decision on a motion for judgment on the pleadings de novo. *Id.*

[6] HealthPort argues that the trial court erred in denying its motion for judgment on the pleadings because INDIANA CODE § 16-39-9-4, in conjunction with 760 Indiana Administrative Code 1-71-3, does not create a private right of action. Therefore, according to HealthPort, Garrison has no cause of action.

[7] INDIANA CODE § 16-39-9-4 provides in relevant part as follows:

> (b) The department [of insurance] may adopt rules . . . to set the amounts that may be charged for copying records under this chapter. In adopting rules under this section, the department shall consider the following factors relating to the costs of copying medical records:
>
> (1) The following labor costs:
>
> > (A) Verification of requests.
> >
> > (B) Logging requests.
> >
> > (C) Retrieval.
> >
> > (D) Copying.
> >
> > (E) Refiling.
>
> (2) Software costs for logging requests.
>
> (3) Expense costs for copying.

(4) Capital costs for copying.

(5) Billing and bad debt expenses.

(6) Space costs.

In addition, 760 Indiana Administrative Code 1-71-3 provides in relevant part as follows:

> (a) A provider or medical records company that receives a request for a copy of a patient's medical records shall charge not more than the following:
>
> > (1) One dollar ($1) per page for the first ten (10) pages.
> >
> > (2) Fifty cents ($.50) per page for pages eleven (11) through fifty (50).
> >
> > (3) Twenty-five cents ($.25) per page for pages fifty-one (51) and higher.
>
> (b) The provider or the medical records company may collect a labor fee not to exceed twenty ($20). If the provider or the medical records company collects a labor fee, the provider or medical records company may not charge for making and providing copies of the first ten (10) pages of a medical record.

[8] When a civil cause of action is premised upon the violation of a duty imposed by statute, the initial question to be determined by the court is whether the statute in question confers a private right of action. *Estate of Cullop v. State*, 821 N.E.2d2d 403, 408 (Ind. Ct. App. 2005), *reh'g denied*. The determination of whether a civil cause of action exists begins with an examination of the legislative intent. *Id. See also Adams v. Arvinmeritor, Inc.*, No. 49A02-1406-PL-

465, 2015 WL 8319119, at *5 (Ind. Ct. App. Dec. 9, 2015) (stating that "legislative intent is the fulcrum of a private right of action.") This primarily includes discerning whether the statute is designed to protect the general public and whether the statutory scheme contains an enforcement mechanism or remedies for violation of the duty. *Cullop*, 821 N.E.2d at 408. As a general rule, a private party may not enforce rights under a statute designed to protect the public in general that contains a comprehensive enforcement mechanism. *LTV Steel v. Griffin*, 730 N.E.2d 1251, 1260 (Ind. 2000).

[9]     Here, our review of the plain language of the statute reveals that it is designed to protect the general public rather than a private party. Thus, we turn to the legislative intent and determine whether the statute includes an enforcement mechanism. In making this determination, it is important to see where the statute at issue is located within the INDIANA CODE. *See Cullop*, 821 N.E.2d at 408. Here, INDIANA CODE § 16-39-9-4 is located in Title 16, "Health." The enforcement mechanism of this title is found at INDIANA CODE § 16-19-3-18, which provides that the Health Department may bring an action to enforce this title. "Such an action *shall* be brought in the name of the State." INDIANA CODE § 16-19-3-18(b) (emphasis added). This is an enforcement mechanism that is placed in the hands of the State. *See Cullop*, 821 N.E.2d at 408. We cannot glean any legislative intent to authorize a private right of action by a personal injury attorney against a medical records company, and we are unwilling to go beyond the intent of the legislature. *See id.* (explaining that this Court was unwilling to go beyond the intent of the legislature in providing a

private remedy for the failure of a physician to follow statutory medical staff responsibilities).  *See also Lockett v. Planned Parenthood of Ind., Inc.*, 42 N.E.3d 119, 128 (Ind. Ct. App. 2015) (holding that because the statute was designed to protect the public in general and contained a comprehensive enforcement provision, the statute did not confer a private cause of action upon the Locketts to enforce the statute's provisions).

[10]  The trial court erred in denying HealthPort's motion for judgment on the pleadings because INDIANA CODE § 16-39-9-4, in conjunction with 760 Indiana Administrative Code 1-71-3, does not provide Garrison with a private cause of action.  Accordingly we remand this case to the trial court with instructions to grant HealthPort's motion.[2]

[11]  Reversed and remanded.

Vaidik, C.J., and Mathias, J., concur.

---

[2] We further note that Garrison's reliance on *Galloway v. Hadley*, 881 N.E.2d 667 (Ind. Ct. App. 2008) is misplaced because the facts in Galloway are distinguishable from those in this case. First, the language of the Equal Access statute at issue in *Galloway* confers a private benefit whereas the language of the health records statute in this case does not.  Further, in *Galloway*, the statutory language limiting the department's authority to bail agents lessened the impact of the enforcement authority given to the Department of Insurance.  Here, however, with no language limiting the Health Department's authority, the enforcement mechanism is more probative of legislative intent to give that department authority to enforce the statute.